# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JACOB J. RACINE**
**United States Army, Appellant**

ARMY 20100021

Headquarters, U.S. Army Joint National Training Command
Charles A. Kuhfahl, Military Judge
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Johnson, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Laura A. Kesler, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major Sara M. Root, JA; Captain Kenneth W. Borgnino, JA (on brief).

18 November 2011

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial found appellant guilty, contrary to his pleas, of one specification of aggravated assault in which grievous bodily harm is intentionally inflicted, one specification of assault with a dangerous weapon,  and one specification of unlawful entry, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 [hereinafter UCMJ].  The military judge sentenced appellant to be dishonorably discharged from the service, to be confined for 102 months, and to be reduced to the grade of E1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge,  confinement for 81 months, and reduction to E1.  Appellant was credited with 213 days of confinement against the sentence to confinement.

Appellee proved at trial that appellant attacked Mrs. RG, a German national, in her apartment, and stabbed her more than 30 times. Appellant also stabbed Mrs. TJ, the daughter of Mrs. RG, as she came to the aid of her mother. The victims were treated for serious wounds requiring many stitches. Mrs. RG has lost significant movement in her arm because of the attack, and can no longer work as a cook. Mrs. TJ has recurring headaches. In addition to recovering from their physical injuries, both women have sought mental health counseling.

The Specification of Charge III accused appellant of housebreaking in violation of Article 130, UCMJ. After the presentation of evidence, however, the military judge found appellant guilty of unlawful entry, pursuant to Article 134, UCMJ. Appellant contends, and appellee concedes, that the military judge erred in finding appellant guilty of unlawful entry, because unlawful entry, pursuant to the elements test, is not necessarily a lesser included offense of housebreaking. *See United States v. Jones*, 68 M.J. 465, 468 (C.A.A.F. 2010). The elements of housebreaking are: "(1) That the accused unlawfully entered a certain building or structure of a certain other person; and (2) That the unlawful entry was made with the intent to commit a criminal offense therein." *Manual for Courts-Martial* (2008 ed.)[hereinafter MCM], Part IV, para. 56b.(l)-(2). Unlawful entry requires proof that the entry was unlawful, but also that, under the circumstances, the conduct was prejudicial to good order and discipline or service discrediting. *See id.* para. 111b.(1)-(3). Although Appellant did not object at trial, the parties agree that plain error occurred. *See Jones*, 68 M.J. at 473 n. 11. Therefore, the findings as to the Specification of Charge III and Charge III are set aside.

We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit. However, we agree with appellee that entering into the apartment of the victims was a minor part of the total misconduct for which the military judge sentenced appellant. Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for appellant to be reduced to the grade of E1, to be confined for 79 months, and to be discharged from the service with a bad-conduct discharge. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court